[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 25, 2011
JOHN LEY
CLERK

No. 10-15508
Non-Argument Calendar

D. C. Docket No. 1:09-cv-01148-MEF-WC

JANICE KNIGHT, As Administratrix of the
Estate of Charles Knight, deceased,

Plaintiff-Appellee,

versus

CITY OF OZARK,
JIMMY CULBREATH,

Defendants-Appellants.

Appeal from the United States District Court
for the Middle District of Alabama

(April 25, 2011)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

This case arose out of a high-speed police chase of a vehicle driven by a suspected drug trafficker whom the police were trying to arrest. Both vehicles were traveling on the wrong side of the road, and the suspect's vehicle struck head on a vehicle driven by plaintiff's decedent, causing his death. Plaintiff, in her representative capacity, brought a multi-count complaint against, among others, the City of Ozark and Ozark Police Sergeant Culbreath for damages and other relief, under 42 U.S.C. § 1983, for the violation of the decedent's rights under the Fourth and Fourteenth Amendments, Counts I and II, and for the violation of the decedent's rights under Alabama tort law, Counts VII, VIII, XI, and XII. This interlocutory appeal by the City and Culbreath relates to these tort law counts.

The City and Culbreath moved to dismiss the § 1983 claims and the tort law claims for failure to state a claim for relief, Fed. R. Civ. P. 12(b)(6). They also sought dismissal of the tort law claims on grounds of immunity—the City claiming immunity under Ala. Code § 11-47-190 (municipal immunity) and Culbreath claiming immunity under Ala. Code § 6-5-338 (state-agent immunity). The district court, in an order dated November 22, 2010, granted their motions to dismiss the § 1983 claims, and, without mentioning the immunity defenses, ruled that the tort law claims against the City and Culbreath would be "best resolved at summary judgment or trial." Order at 12. The City and Culbreath are entitled to a

2

ruling on their motions to dismiss based on the immunity grounds. We therefore vacate the district court's order—to the extend that it deals with the tort law claims—and remand the case for such ruling.

VACATED and REMANDED.